PREGERSON, Circuit Judge,
Dissenting.
I dissent. The majority notes that the ALJ may consider inconsistent statements *279 in the claimant’s testimony to determine credibility, but the ALJ must also give “specific, convincing reasons for rejecting the claimant’s subjective statements.” Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir.2001). In this case, the ALJ’s reasons for discrediting Biekell’s testimony about the severity of his symptoms are unconvincing. Indeed, the primary inconsistency the ALJ relied on in discrediting Bickell’s testimony was the “dramatic shift” in Bickell’s reporting of his back pain-related symptoms between being cleared for work by Dr. Glassman on September 26, 2001, and his first interview with Dr. Seals on October 1, 2001. Yet Bickell was treated by Dr. Glassman, an orthopedist, solely for a leg injury, while Dr. Seals treated Bickell’s back pain. It was not inconsistent for each doctor to report exclusively on his or her area of expertise. See Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir.2006) (finding that it is not unreasonable to expect that physicians who focus on one area of the body should not express opinions on other areas of the body).
The ALJ also discredited Bickell’s testimony because it noted inconsistencies between Bickell’s interview with Dr. Moul-ton and the testimony of Bickell’s parents, even though Bickell’s mother corroborated many of Biekell’s statements to Dr. Moulton. For example, Bickell’s mother admitted that Bickell was beaten by his father as a child, but the ALJ found Bic-kell’s statement to Dr. Moulton inconsistent because Bickell’s father denied beating Bickell. I find it unconscionable to use statements of Bickell’s father, the alleged abuser, to discredit those of Bickell and his mother regarding Bickell’s father’s abuse.
The only reason the ALJ rejected Bic-kell’s treating doctors’ opinions of his disabling impairments was because they were based on Biekell’s subjective statements. Because the ALJ did not provide “convincing reasons for rejecting [Bickellj’s subjective statements,” Tonapetyan, 242 F.3d at 1148, I would find that the ALJ erred in rejecting Bickell’s treating doctors’ opinions. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir.1998) (“[T]he ALJ may not reject [a treating doctor’s] opinion without providing specific and legitimate reasons supported by substantial evidence” for doing so.) (internal quotations omitted). Therefore, I would reverse the decision of the ALJ that Bickell did not suffer from a disability and is not entitled to benefits under Title II of the Social Security Act.
Accordingly, I dissent.